**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5596-15T3

GRACE S. WONG,

      Plaintiff-Appellant,

v.

PNC BANK, NATIONAL ASSOCIATION,

      Defendant-Respondent.

_____

      Submitted September 28, 2017 — Decided October 11, 2017

      Before Judges Haas and Gooden Brown.

      On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-0355-15.

      Grace S. Wong, appellant pro se.

      Dilworth Paxson, LLP, attorneys for respondent (Francis P. Maneri, on the brief).

PER CURIAM

    Plaintiff appeals from the July 28, 2016 order denying her motion for reconsideration. We affirm.

    The parties are fully familiar with the lengthy procedural history of this matter that is fully set forth in the thorough

written opinion rendered by Judge Robert Contillo on April 29, 2016. Therefore, a brief summary will suffice here.

Together with her husband and the couple's limited liability company, plaintiff owned a property in Ramsey. On August 18, 2014, the trial court entered a final judgment of foreclosure with respect to this property in favor of defendant. Thereafter, defendant attempted to arrange a sheriff sale of the property. Defendant sent notice of this sale to plaintiff, her company, and her attorney. Plaintiff requested two adjournments of the sale and then filed a Chapter 11 bankruptcy petition on behalf of her company. Defendant sent an email to plaintiff and her attorney advising them of the new date for the sheriff sale. The bankruptcy court dismissed plaintiff's petition.

Plaintiff's husband then filed a bankruptcy petition of his own. Defendant adjourned the sheriff sale and notified plaintiff and her attorney of the new date. The bankruptcy court declined to stay the scheduled sheriff sale, and the sheriff sold the property to one of defendant's affiliates.

Plaintiff then filed her complaint in the present action, seeking a ruling that defendant violated the bankruptcy court's "automatic stay" by proceeding with the sheriff sale. Plaintiff also alleged that defendant failed to provide her with sufficient notice concerning the scheduled dates for the sheriff sale. In

2                                                    A-5596-15T3

addition, plaintiff filed a lis pendens against the property with the county clerk. Defendant removed the matter to the bankruptcy court, which discharged the lis pendens with prejudice, as well as a second lis pendens that plaintiff filed shortly thereafter. The bankruptcy court then returned the matter to the Chancery Division to address the state law issues raised by the parties.

Following oral argument, Judge Contillo granted defendant's motion for summary judgment. In his comprehensive written opinion, the judge found that plaintiff's arguments concerning the bankruptcy proceeding were fully litigated by the bankruptcy court and, therefore, plaintiff's claim that the sale of the property violated the automatic stay was barred by the doctrine of res judicata. Turning to plaintiff's assertion that defendant did not give her proper notice of the sale, the judge concluded that the record fully demonstrated that defendant gave plaintiff written notice of each scheduled date for the sale.

Finally, the judge noted that plaintiff no longer had an ownership interest in the property and, therefore, he "strongly caution[ed]" plaintiff not to file a lis pendens against the property in the future. If plaintiff chose to ignore this advice, the judge ordered plaintiff to give defendant ten days' notice before filing a new lis pendens on the property.

A-5596-15T3

Judge Contillo denied plaintiff's subsequent motion for reconsideration. In an oral opinion, the judge explained that plaintiff raised the same arguments that he had considered and rejected in his April 29, 2016 written decision. In addition, the judge ordered that plaintiff could not file a future lis pendens against the property "under this docket number." This appeal followed.

On appeal, plaintiff challenges the denial of her motion for reconsideration and argues that: (1) defendant improperly sold the property at the sheriff sale "without reasonable notice or re-advertisement"; and (2) the trial judge incorrectly ordered her not to file a lis pendens on the property in the future.

We review the denial of a motion for reconsideration to determine whether the trial court abused its discretionary authority. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Reconsideration should only be used "for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence[.]" Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).

We have considered plaintiff's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We are satisfied that Judge Contillo properly denied plaintiff's motion for reconsideration, and affirm substantially for the reasons expressed in his thoughtful written and oral opinions.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION